UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| DAVID N. HACKETT, | ) | CASE NO. 4:05 CV 2164 |
| | ) | |
| Plaintiff, | ) | JUDGE PETER C. ECONOMUS |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| ALKI SANTAMAS, et al., | ) | AND ORDER |
| | ) | |
| Defendants. | ) | |

On September 13, 2005, pro se plaintiff David N. Hackett filed this action under 42 U.S.C. § 1983 against Mahoning County Jail Warden Alki Santamas, Sergeant Michael Yurko, Commissary Employee Kathy Zamanski, and Captain Tabachino. In the complaint, plaintiff contests several conditions of his confinement. He seeks monetary damages and injunctive relief.

*Background*

Mr. Hackett indicates he was placed in disciplinary segregation on May 25, 2005 for failing to "snitch on my cellie... ." (Compl. at 3.) A Prisoner Rule Violation Report form attached to the pleading indicates that a metal rod was discovered on the floor during a search of his cell. The officers soon found a hole in the right corner of the window and saw that the frame of the window had been damaged by a saw. Mr. Hackett claims one of the captains or sergeants

referred to him in a derogatory manner and instructed the officer writing the report to make sure Mr. Hackett spent a full 60 days in the segregation unit "since he couldn't tell someone his cellie was cutting the window." (Compl. at 4.) He contends Sergeant Yurko denied him a fair and unbiased rules infraction hearing. He claims that on three separate dates he was held in his cell for 24 hours. On another date, he was allowed out for 40 minutes. He claims the other inmates were permitted to be out of their cells for one hour each day.

After Mr. Hackett was taken to segregation, his belongings were packed up and removed from the cell. He claims several items have been missing since that date, including photographs of his deceased mother, photographs of a female friend wearing various bathing suits, and miscellaneous pieces of regular and legal mail. He requests monetary damages in the amount of $ 150,000 "because those lost or stolen photos of my deceased mother is [sic] irreplaceable." (Compl. at 6.)

Mr. Hackett alleges he was scheduled to receive a $20.00 commissary order that same day. He was told all commissary orders to his pod had been cancelled for the day and that his order would be held inside Ms. Zamanski's office. Although the funds were withdrawn from his account, he did not receive his order. He sent requests for assistance to Sergeant Yurko and to Captain Tabachino but did not receive his property. He states he attempted to get an appointment with the warden but his requests were ignored.

The dentist at the Mahoning County Jail extracted one of Mr. Hackett's incisors on June 28, 2005. The dentist prescribed pain medication for Mr. Hackett; however the medication was never dispensed. Mr. Hackett contends that jail officials retaliated against him for failing to report his cellmate's escape attempt.

Finally, Mr. Hackett indicates he requested a law dictionary and a "civil law book." He claims he did not receive these books. The attachments to the complaint suggest that the library did not have these books in stock.

*Analysis*

A prisoner must allege and show that he has exhausted all available administrative remedies before filing a civil rights action in federal court to challenge the conditions of his confinement. 42 U.S.C. §1997e; Wyatt v. Leonard, 193 F.3d 876, 878 (6th Cir. 1999); Brown v. Toombs, 139 F.3d 1102, 1104 (6th Cir. 1988), cert. denied, 525 U.S. 833 (1998). To establish that he exhausted his remedies prior to filing suit, the prisoner must plead his claims with specificity and show that he has exhausted his administrative remedies with respect to each allegation against each defendant by attaching to the complaint a copy of the applicable administrative dispositions or, in the absence of written documentation, describing with specificity the administrative proceedings and their outcomes. Knuckles-El v. Toombs, 215 F.3d 640, 642 (6th Cir. 2000). The prisoner must exhaust each specific claim against each defendant named in the complaint to satisfy the exhaustion requirement. See Curry v. Scott, 249 F.3d 493, 504-05 (6th Cir. 2001). Moreover, the prisoner must specifically grieve allegations of retaliation or conspiracy against the defendants he names in his complaint. Garrison v. Walters, No. 00-1662, 2001 WL 1006271 (6th Cir. Aug. 24, 2001); Curry, 249 F.3d at 504-05. In the absence of such particularized averments concerning exhaustion, the action must be dismissed. Id.

Mr. Hackett has not exhausted his administrative remedies for each claim against each defendant. He filed an Inmate Complaint form on January 27, 2005 stating that the library did not contain a Law Dictionary and a "Law Stature book," which he describes as "one on filing

3

motions." (Compl. Ex. 1.) He filed two complaint forms on June 15, 2005 asking for an appointment with the warden. He sent a request to Captain Tabachino on June 20, 2005 asking for an appointment with him. On June 28, 2005, he filed a complaint stating that a nurse would not dispense pain medication after his tooth extraction. He complained on July 6, 2005 he was being kept in his cell for 23 hours per day. He filed a complaint on July 27, 2005 alleging that his commissary order was stolen and on August 8, 2005 filed a grievance stating that several items were missing from the personal property packed up by prison officials on the day he was taken to segregation. With the exception of his requests to see the warden and Captain Tabachino, none of these grievances mentions any of the defendants directly or by reasonable inference. Moreover, he did not file grievances pertaining to his claim that a captain or sergeant referred to him in a derogatory manner and instructed the officer writing the report to make sure Mr. Hackett spent a full 60 days in the segregation unit. He also failed to file a grievance pertaining to his claim that the defendants denied him pain medication in retaliation for his failure to alert authorities of his cellmate's escape attempt. Allegations of retaliation or conspiracy must also be subjected to the grievance process. Curry, 249 F.3d at 504-05.

The United States Sixth Circuit Court of Appeals adopted a "total exhaustion" requirement for prisoner complaints which fall within the parameters of 42 U.S.C. §1997e. See Bey v. Johnson, 407 F.3d 801 (6th Cir. 2005). Under this rule, if any claim in the complaint has not been exhausted, the entire complaint must be dismissed for failure to exhaust administrative remedies. Bey, 407 F.3d at 806-07. The district court no longer has the option of dismissing just the unexhausted claims and proceeding with the claims that have been submitted through the relevant grievance process. Id. A prisoner whose "mixed" complaint was dismissed may either

wait until all of his claims have been exhausted to file his action, or file a new action which contains only the exhausted claims. Id. at 808. Because Mr. Hackett has not demonstrated that he filed grievances for each claim against each defendant, the court is required by the rule of total exhaustion to dismiss the complaint in its entirety without prejudice.

*Conclusion*

Accordingly, this action is dismissed without prejudice pursuant to 28 U.S.C. §1997e. The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[1]

IT IS SO ORDERED.

S/Peter C. Economus - 12/6/05
PETER C. ECONOMUS
UNITED STATES DISTRICT JUDGE

---

[1] 28 U.S.C. § 1915(a)(3) provides:

An appeal may not be taken in forma pauperis if the trial court certifies that it is not taken in good faith.